LWL:la
IND8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 85-382-Cr-ZLOCH(S)

21 USC 848
21 USC 963
21 USC 952(a)
21 USC 846
21 USC 841(a)(1)
18 USC 1952
18 USC 2

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ALBERTO A. ROSALES, Sr.
ALBERTO A. ROSALES, Jr.
MIRABEL ROSALES
JOSE ANTONIO GRANA
    a/k/a "PEPITO"
JAVIER GUSTAVO CHAVEZ-RUIZ
ANTONIO QUINTERO DE AVILA
    a/k/a "TONY"
JOHN DOE a/k/a "DAN"
PEDRO SUAREZ
LAZARO GOMEZ
_____/

## COUNT I

From at least as early as in or about January of 1982, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including on or about May, 13, 1985, in the Southern District of Florida and elsewhere, the defendant,

ALBERTO A. ROSALES, Sr.,

unlawfully, willfully, knowingly and intentionally did engage in a continuing criminal enterprise in that he did violate Title 21, United States Code, Sections 963, 952(a), 846 and 841(a)(1) as set forth in Counts II, III, IV, V, VI, VII, IX and XI of this indictment, which counts are incorporated herein by reference,

which violations were part of a continuing series of violations of said statutes undertaken by said defendant in concert with five or more other persons with respect to whom the defendant,

ALBERTO A. ROSALES, Sr.,

occupied a position of organizer, supervisor and manager and from which continuing series of violations the defendant,

ALBERTO A. ROSALES, Sr.,

obtained substantial income and resources to which the United States is entitled to forfeit, including all profits obtained by the defendant,

ALBERTO A. ROSALES, Sr.,

arising from his participation in this enterprise, and any of his interest, property and contractual rights of any kind affording a source of influence over this enterprise;

In violation of Title 21, United States Code, Section 848.

## COUNT II

From at least as early as in or about January of 1982, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including February 5, 1982, in the Southern District of Florida and elsewhere, the defendants,

ALBERTO ROSALES, Sr.,
and
PEDRO SUAREZ,

knowingly and intentionally did combine, conspire, confederate and agree and have a tacit understanding with each other and with other persons who are both known and unknown to the Grand Jury to commit an offense against the United States: that is to violate

Title 21 USC, §952(a). It was the purpose and object of this conspiracy to import a quantity of marijuana, a Schedule I controlled substance, in excess of fifty (50) kilograms, into the United States from a place outside thereof, a violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

## COUNT III

On or about February 5, 1982, in the Southern District of Florida and elsewhere, the defendants,

ALBERTO A. ROSALES, Sr.,
and
PEDRO SUAREZ

knowingly and intentionally did import and cause to be imported into the United States from a place outside thereof a quantity of marijuana, a Schedule I controlled substance, in excess of fifty (50) kilograms, in violation of Title 21, United States Code, Section 952(a) and Title 18, United States Code, Section 2.

## COUNT IV

From at least as early as February of 1982, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including April 29, 1982, in the Southern District of Florida and elsewhere, the defendants,

ALBERTO A. ROSALES, Sr.,

PEDRO SUAREZ

and

LAZARO GOMEZ,

knowingly and intentionally did combine, conspire, confederate and agree with each other and with other persons who are both known and unknown to the Grand Jury to commit an offense against the United States; that is to violate Title 21, United States Code, Section 952(a). It was the purpose and object of this conspiracy to import into the United States from a place outside thereof a quantity of marijuana, a Schedule I controlled substance, in excess of fifty (50) kilograms, a violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

### COUNT V

From in or about February of 1982, and continuing thereafter up to and including on or about April 29, 1982, the exact dates being unknown to the Grand Jury, in the Southern District of Florida and elsewhere, the defendants,

>ALBERTO A. ROSALES, Sr.,
>PEDRO SUAREZ,
>and
>LAZARO GOMEZ,

knowingly and intentionally did attempt to import and cause an attempted importation into the United States from a place outside thereof a quantity of marijuana, a Schedule I controlled substance, in excess of fifty (50) pounds, a violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963 and Title 18, United States Code, Section 2.

## COUNT VI

From at least as early as on or about March 29, 1985, and continuing up to and including on or about May 13, 1985, at Miami, Dade County, in the Southern District of Florida and elsewhere the defendants,

> ALBERTO A. ROSALES, Sr.,
> ALBERTO A. ROSALES, Jr.,
> MIRABEL ROSALES
> JOSE ANTONIO GRANA, a/k/a "Pepito"
> JAVIER GUSTAVO CHAVEZ-RUIZ
> ANTONIO QUINTERO de AVILA, a/k/a "Tony"
> and
> JOHN DOE, a/k/a "Dan"

did knowingly and intentionally combine, conspire, confederate and agree and have a tacit understanding with each other and with other persons both known and unknown to the Grand Jury to commit an offense against the United States, that is, to violate Title 21, United States Code, Section 841(a)(1). It was the purpose and object of this conspiracy to possess with intent to distribute narcotic controlled substances; specifically: heroin, a Schedule I narcotic controlled substance, in excess of 100 grams; cocaine, a Schedule II narcotic controlled substance, in excess of two kilograms; and marijuana, a Schedule I controlled substance, a violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

## COUNT VII

On or about March 30, 1985, at Miami, Dade County, in the Southern District of Florida, the defendants,

> ALBERTO A. ROSALES, Sr.
> and
> ALBERTO A. ROSALES, Jr.

- 5 -

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, a quantity of heroin, a Schedule I narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT VIII

From on or about April 16, 1985, and continuing thereafter until on or about April 25, 1985, in the Southern District of Florida and elsewhere, the defendant,

### ALBERTO A. ROSALES, Jr.

did knowingly, willfully and unlawfully travel in interstate commerce, from Miami, Florida, via Newark, New Jersey, to Alberquerque, New Mexico, with the intent to manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving the distribution of controlled substances contrary to Title 21, Untied States Code, and thereafter did knowingly and willfully perform acts to distribute, carry on and facilitate the promotion, management, establishment and carrying on of said unlawful activity.

All in violation of Title 18, United States Code, Section 1952.

## COUNT IX

On or about April 26, 1985, in the Southern District of Florida and elsewhere, the defendant,

ALBERTO A. ROSALES, Sr.

knowingly and intentionally did possess with intent to distribute and cause the possession with intent to distribute a quantity of heroin, a Schedule I narcotic controlled substance, in excess of 100 grams, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT X

On or about May 10, 1985, in the Southern District of Florida and elsewhere, the defendants,

JAVIER GUSTAVO CHAVEZ-RUIZ
and
ANTONIO QUINTERO de AVILA, a/k/a "Tony"

did knowingly, willfully and unlawfully travel in interstate commerce, from New York City, New York to Miami, Florida, with the intent to manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving the distribution of controlled substances contrary to Title 21, United States Code, and thereafter did knowingly and willfully perform acts to distribute, carry on and facilitate the promotion, management, establishment and carrying on of said unlawful activity.

All in violation of Title 18, Untied States Code, Section 1952.

## COUNT XI

On or about May 13, 1985, at Miami, Dade County, in the Southern District of Florida, the defendants,

> ALBERTO A. ROSALES, Sr.,
> ALBERTO A. ROSALES, Jr.,
> JOSE ANTONIO GRANA, a/k/a "Pepito",
> JAVIER GUSTAVO CHAVEZ-RUIZ
> and
> ANTONIO QUINTERO de AVILA, a/k/a "Tony"

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, heroin, a Schedule I narcotic controlled substance, in excess of 100 grams, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

A TRUE BILL

_____
FOREPERSON

_____
LEON B. KELLNER
UNITED STATES ATTORNEY

_____
LYNNE W. LAMPRECHT
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA, )
) Case No. 85-382-Cr-ZLOCH(s)
V. )
ALBERTO A. ROSALES, SR., )
et al. )
) ESTIMATED TRIAL TIME
)
_____)

### CERTIFICATE OF TRIAL ATTORNEY

I do hereby certify:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the indictment/information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. This case will take __7__ days for the parties to try.

4. (Check the appropriate category)

| | | |
|---|---|---|
| _____ | I | 0 to 5 days |
| __X__ | II | 6 to 10 days |
| _____ | III | 11 to 20 days |
| _____ | IV | 21 to 60 days |
| _____ | V | 61 days and over |

5. Has this case been previously filed in this Court? __Yes__ (yes or no)
   If yes, Judge: _Sidney Aronovitz - now assigned to Judge Zloch_  (Attach copy of
   Case No: _85-382-Cr-ARONOVITZ_  dispositive order)

_____
ATTORNEY FOR THE UNITED STATES
LYNNE W. LAMPRECHT

M OBD-34

Formerly DJ-105

No. _____

# UNITED STATES DISTRICT COURT

SOUTHERN _____ District of ___ FLORIDA _____

___ MIAMI _____ Division

## THE UNITED STATES OF AMERICA

vs.

ALBERTO A. ROSALES, SR., ALBERTO A. ROSALES, JR., MIRABEL ROSALES, JOSE ANTONIO GRANA, a/k/a "PEPITO", JAVIER GUSTAVO CHAVEZ-RUIZ, ANTONIO QUINTERO DE AVILA, a/k/a "TONY", JOHN DOE, a/k/a "DAN", PEDRO SAUREZ, LAZARO GOMEZ

## INDICTMENT

21 USC 848, 963, 952(a), 846, 841

18 USC 1952, 2

A true bill,

_____
Foreman.

Filed in open court this _____ day

of _____, A.D. 19____

_____
Clerk.

Bail. $ _____

GPO 880-320